**State of Vermont**
**Superior Court — Environmental Division**

=======================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Berger & Katz Expansion Applications**          **Docket Nos. 119-7-10 & 141-9-11 Vtec**
**(Appeal from City of South Burlington Development Review Board decision)**

Title: Motion for Reconsideration and Clarification (Filing No. 10)
Filed: June 7, 2012
Filed By: Applicants/Appellants Claudia Berger and Sheldon Katz

Response in opposition filed on 6/11/12 by Appellee City of South Burlington

___ Granted                 _X_ Denied                 ___ Other


In their Motion for Reconsideration, Applicants assert that their improvements, specifically their proposed new front porch, need only be reviewed for conformance with Regulations Section 3.11(B)(3), and therefore Question 3, addressing construction of the new front porch, is no longer before this Court. Applicants are mistaken in this regard, since their residential dwelling is a non-complying structure and the Regulations impose other "requirements and restrictions" on non-complying structures. See Regulations § 4.08(F). Applicants' proposed improvements, including the new front porch, must therefore satisfy other provisions of the Regulations, including Sections 4.08(F)(2) and (3). Accordingly, Question 3 of the 2011 Statement of Questions remains before the Court.

Applicants also contend that the Court should reconsider its ruling concerning Questions 1 and 2, that is, concerning the proposed enclosure of the front porch and rear deck. We do not disagree with the general land use tenets that Applicants assert to support their argument, including the general provision that uncertainty in land use regulations "must be decided in favor of the property owner," since land use regulations represent a community's restriction on private property rights. See Appeal of Weeks, 167 Vt. 551, 555 (1998) (quoting In re Vitale, 151 Vt. 580, 584 (1989)). However, this canon of construction applies in the case of uncertainty in land use regulations, and we see little ambiguity in the regulatory provisions at issue here. Moreover, a factual dispute exists regarding the proposed improvements, including the nature of the porch and deck enclosures and whether additional interior square footage will be created by these improvements. We conclude that a trial is the most efficient means by which to resolve these factual disputes.

We are guided in our review of Applicants' proposed improvements by another general tenet of land use law that specifically relates to improvements and expansions to non-

conforming structures: that the "prime purpose behind zoning is to bring about the orderly physical development of a community by confining particular uses to defined areas . . . A goal of zoning is to gradually eliminate nonconformi[ties] . . . because they are inconsistent with the purpose of developing use-consistent areas in communities." In re Gregoire, 170 Vt. 556, 558 (1999) (citations omitted). Trial is necessary to determine whether Applicants' improvements, as proposed, will further or hinder this purpose of zoning.

Consequently, we **DENY** Applicants' motion for reconsideration. We clarify that Question 3 of the 2011 Statement of Questions remains before this Court.


_____                         _____June 11, 2012_____
          Thomas S. Durkin, Judge                                              Date
=============================================================================

Date copies sent to: _____                         Clerk's Initials _____

Copies sent to:

   David Edwards, Attorney for Appellants/Applicants Claudia Berger and Sheldon Katz

   John H. Klesch, Attorney for Appellee City of South Burlington

   Interested Person Bruce H. Alvarez